**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOMMY LEON NOBLE, 1122269,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:06-CV-860-N** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner was convicted of assault.  *State of Texas v. Tommy Leon Noble*, No. F02-

00481-tp (203rd Dist. Ct., Dallas County, Tex., Aug. 23, 2002).  He was sentenced to forty years

confinement.  On April 29, 2003, the Fifth District Court of Appeals affirmed Petitioner's

conviction.  *Noble v. State*, No. 05-02-01510-CR (Tex. App. – Dallas, April 29, 2003).

Petitioner did not file a petition for discretionary review.

On January 14, 2004, Petitioner filed a state application for writ of habeas corpus.  (Pet.

at 3).  On May 12, 2004, the Court of Criminal Appeals denied the petition without written

order.  *Ex parte Noble*, No. 58,054-01.

On May 11, 2006, Petitioner filed this federal petition.  He argues: (1) his conviction

violates the Double Jeopardy Clause; (2) his conviction was obtained in violation of the

protection against lack of identity; and (3) he received ineffective assistance of counsel

On July 24, 2006, the Court ordered Petitioner to show cause why this petition is not

barred by the statute of limitations.  On August 1, 2006, Petitioner filed his reply.  The Court

now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

## A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking direct review;
>
> (B)      the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or
> claims presented could have been discovered through the

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On April 29, 2003, the Fifth District Court of Appeals affirmed Petitioner's conviction. Petitioner did not file a PDR. His conviction therefore became final on May 29, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 31, 2004, to file his federal petition.[2]

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 14, 2004, Petitioner filed a state habeas petition. This petition tolled the limitations period for 120 days, until it was denied on May 12, 2004. Adding 120 days to the statute of limitations, Petitioner's deadline for filing his petition was September 28, 2004.

Petitioner's federal petition was due by September 28, 2004. He did not file his federal petition until May 11, 2006. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify

---

exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2]Petitioner's deadline fell on Saturday, May 29, 2004. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, May 31, 2004.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he raises meritorious habeas claims.  For equitable tolling to apply, however, the applicant must diligently pursue habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  Petitioner has failed to establish he is entitled to tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 9th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).